## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**STEVEN S. NOVOTNY,**

**Petitioner,**

**v.**                                                        **CASE NO. 25-3058-JWL**

**HAZEL M. PETERSON[1],**

**Respondent.**

### MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Steven S. Novotny, a state prisoner incarcerated at Norton Correctional Facility in Norton, Kansas. The Court has begun the initial review of the petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concludes that a limited Pre-Answer Response ("PAR") is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). Accordingly, the Court directs Respondent to file a PAR limited to addressing whether this Court is barred from considering the merits of Ground Eleven due to anticipatory procedural default of the claims therein. (*See* Doc. 7, p. 46-50.) If Respondent does not intend to raise this affirmative defense with respect to Ground Eleven, Respondent shall notify the Court of that decision in writing in the PAR.

The PAR should not address the merits of the asserted grounds for relief or any subject beyond whether consideration of the merits of Ground Eleven is barred by the doctrine of

---

[1] When Petitioner filed the petition in this matter, he named Kansas Attorney General Kris Kobach as an additional respondent. The sole proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, the Court will direct the clerk to terminate Attorney General Kobach from this action.

anticipatory procedural default. If this case proceeds past the Rule 4 review, Respondent will at that time be ordered to submit a fully developed answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondent may, in that answer, raise any affirmative defenses to remaining asserted grounds for relief and argue the merits of those grounds. At this point in time, the Court is focused on determining whether future consideration of the merits of Ground Eleven, which Petitioner concedes was not argued to the Kansas appellate courts, is barred by the doctrine of anticipatory procedural default.

Upon the filing of the PAR, Petitioner will be given time in which to submit a written reply to the PAR. and at that time he may provide any information that may be relevant to any defenses identified in the PAR. Once Petitioner files his reply or the time allotted passes, the Court will resume the Rule 4 review of this matter and issue further orders as necessary.

Petitioner has also filed a motion for appointment of counsel. (Doc. 5.) Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

When deciding whether to appoint counsel, the Court must consider "the merits of a

prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court has considered these factors and concludes that the interests of justice do not at this point require the appointment of counsel. This federal habeas case is in the initial Rule 4 stage of proceedings, the factual and legal issues are not overly complex, and Petitioner seems more than capable of investigating the necessary facts and articulating his claims. The Court will therefore deny the motion without prejudice to Petitioner refiling it if this case develops in a way that requires counsel. For example, if discovery is authorized in this matter or an evidentiary hearing is required, the Court may reconsider whether appointment of counsel is appropriate.

**IT IS THEREFORE ORDERED** that Attorney General Kris Kobach be terminated from this action.

**IT IS FURTHER ORDERED** that Respondent is granted to and including **June 3, 2025** in which to file a Pre-Answer Response that complies with this order.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **July 7, 2025** in which to file a reply to the Pre-Answer Response if he chooses to do so.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (Doc. 5) is **denied without prejudice**

**IT IS SO ORDERED.**

DATED:   This 2nd day of May, 2025, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge