## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**STEVEN S. NOVOTNY,**

**Petitioner,**

**v.**                                                    **CASE NO. 25-3058-JWL**

**HAZEL M. PETERSON,**

**Respondent.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Steven S. Novotny, a state prisoner incarcerated at Norton Correctional Facility in Norton, Kansas. The Court began the initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concluded that a limited Pre-Answer Response ("PAR") was appropriate. Thus, on May 2, 2025, the Court ordered Respondent to file a PAR addressing whether Ground Eleven is barred by anticipatory procedural default of the claims therein. (Doc. 9.) Respondent filed her PAR (Doc. 16) on July 28, 2025 and Petitioner filed his reply to the PAR (Doc. 18) on August 4, 2025.

After carefully considering the PAR and the reply, the Court agrees with Respondent that consideration of the merits of Ground Eleven is barred by anticipatory procedural default. Thus, for the reasons explained later in this order, Ground Eleven is subject to dismissal unless Petitioner can show cause and prejudice for the default or demonstrate that the failure to consider the mertis of Ground Eleven will result in a fundamental miscarriage of justice. In addition, the Rule 4 review has revealed that other claims in the petition appear procedurally defaulted or barred by anticipatory procedural default. The Court will therefore direct Petitioner to show good cause, in

1

writing, why those claims should not be dismissed.

## Background

In April 2007, in the District Court of Sedgwick County, Kansas, a jury convicted Petitioner of first-degree felony murder and aggravated battery. (Doc. 7, p. 1.) In February 2009, he was sentenced to life in prison without the possibility of parole for 20 years for the murder conviction and 48 months in prison for the aggravated battery conviction, to be served consecutively. *Id.* at 1; *see also State v. Novotny*, 297 Kan. 1174, 1179 (2013) (*Novotny I*). Petitioner pursued a direct appeal and, in an opinion issued on September 13, 2013, the Kansas Supreme Court (KSC) affirmed his convictions and sentences. (Doc. 7, p. 2); *Novotny I*, 297 Kan. at 1175. Petitioner advises that he did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 7, p. 3.)

In October 2013, Petitioner filed a motion in Sedgwick County District Court under his criminal case number seeking relief under K.S.A. 60-1507. *See* (Doc. 7, p. 3); *Novotny v. State*, 2016 WL 2609631, *1 (Kan. Ct. App. May 6, 2016) (unpublished) (*Novotny II*). In line with the Kansas Court of Appeals' (KCOA) discussion of this motion, this Court will refer to this as "the 2013 motion." *See Novotny II*, 2016 WL 2609631, at *1. Petitioner asserted 54 instances of trial error and ineffective assistance of counsel in the 2013 motion, and the State filed a detailed response. *Id.* In June 2014, the district judge who had presided over Petitioner's criminal trial summarily denied the 2013 motion. *Id.* Petitioner did not appeal. *Id.* at *2.

The following month, Petitioner filed a second K.S.A. 60-1507 motion, herein referred to as "the 60-1507 motion," which was filed as a separate civil proceeding and raised six claims of ineffective assistance of counsel that corresponded with claims he had made in the 2013 motion. *Id.* Petitioner later moved to amend the 60-1507 motion, but in December 2014, a district judge

who had not conducted Petitioner's criminal trial summarily denied leave to amend and denied the 60-1507 motion, holding that it was untimely, repetitive, and without merit. *Id.* at *3. Petitioner appealed. *Id.*

In May 2016, the KCOA issued an opinion holding that the 60-1507 motion was "closely akin to a motion to alter or amend the ruling of the district court on the 2013 motion" and that the record before it did not contain "the two things we would need to evaluate the justice of the proceedings below, evidence and findings on Novotny's ineffective assistance of counsel claims." *Id.* at *4-5. The KCOA therefore reversed the denial of the 60-1507 motion and "remanded for appointment of counsel and an evidentiary hearing on the first five ineffective assistance claims raised" in the 60-1507 motion. *Id.* at *5.

In 2019, Petitioner filed in his criminal case a motion for DNA testing pursuant to K.S.A. 21-2512. (Doc. 7, p. 5.) The state district court granted the motion in part and denied it in part, granting testing on two spent shell casings and three bullets from the crime scene and denying testing on a live round 9 mm bullet because the bullet had been destroyed by the Wichita Police Department (WPD) in a separate but connected criminal drug case. *Id.* at 46. Petitioner advises that the bullet was recovered at his residence by WPD Detective Anthony Bess. At some point, Petitioner discovered that there was information about Detective Bess that Petitioner believes the State had a duty to disclose under *Brady v. Maryland*, 373 U.S. (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). (Doc. 7, p. 46.)

Returning to the K.S.A. 60-1507 case, which was proceeding on remand, the state district court held an evidentiary hearing as required by the KCOA's opinion, and in September 2022, it issued a written decision denying the 60-1507 motion because Petitioner's trial counsel was not ineffective and because Petitioner had failed to establish prejudice from the alleged

ineffectiveness. *Novotny v. State*, 2024 WL 172293, *1 (Kan. Ct. App. Feb. 23, 2024) (unpublished) (*Novotny III*), *rev. denied* March 27, 2025. Petitioner appealed, but the KCOA affirmed the denial. *Id.*

Petitioner filed a petition for review in the KSC, and while that was pending, the district court judge in May 2023 held that no DNA evidence had been found on any of the evidence that had been tested pursuant to its order on the 2019 motion. (Doc. 7, p. 46.) Under the relevant Kansas statute, once DNA testing is finished, the state district court's next steps depend on whether the results are "favorable," "unfavorable," or "inconclusive." *See* K.S.A. 21-2512(f)(1)-(3). The state district court found that the results were unfavorable to Petitioner and therefore, on May 24, 2023, it denied Petitioner any further relief. (Doc. 7, p. 46); *See also State v. Novotny*, Case No. 2007-CR-001555-FE, Order filed May 26, 2023. Petitioner appealed to the KSC, which denied his appeal on February 10, 2025. (Doc. 7, p. 5.) On March 27, 2025, the KSC denied the pending petition for review of the KCOA's decision to affirm the denial of the 60-1507 motion.

On March 31, 2025, Petitioner filed in this Court the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On April 9, 2025, he re-filed his petition on the required form. (Doc. 7.) Therein, he asserts eleven grounds for relief. Highly summarized, Ground One asserts that Petitioner's Fourth and Fourteenth Amendment rights were violated when the trial court denied a motion to suppress evidence. *Id.* at 7. Grounds Two, Three, and Four assert that Petitioner's due process rights and right to a fair trial under the Fifth, Sixth, and Fourteenth Amendments were violated when the trial court failed to suppress identification evidence (Ground Two), when it gave an aiding and abetting jury instruction (Ground Three), and when the prosecutor deliberately misstated facts during closing argument (Ground Four). *Id.* at 11-12, 18-19, 22-23.

4

Grounds Five through Nine assert ineffective assistance of trial counsel in violation of the Sixth Amendment when trial counsel failed to object to the admission of evidence of other crimes and prior civil wrongs (Ground Five), denied Petitioner the opportunity to testify (Ground Six), failed to obtain a pretrial mental examination to determine whether Petitioner was competent to stand trial (Ground Seven), failed to object when the prosecutor repeatedly referred to Petitioner by the nickname "Loco" instead of using his real name (Ground Eight), and failed to adequately investigate the case and consult with Petitioner on defense strategy (Ground Nine). *Id.* at 28-29, 31, 39, 42. Ground Ten alleges that Petitioner's constitutional right to a fair trial was violated by the cumulative effect of errors during the trial. *Id.* at 43. Ground Eleven contends that the State violated Petitioner's right to due process under the Fifth, Sixth, and Fourteenth Amendments when it "destroyed materially exculpatory evidence and withheld *Brady/Giglio* material pertaining to Det[ective] Anthony Bess." *Id.* at 45-46. As relief, Petitioner asks this Court to vacate his convictions and sentence and order a new trial at which the evidence of the destroyed 9 mm bullet will be inadmissible or, in the alternative, to order the charges against Petitioner be dismissed. *Id.* at 54.

### Exhaustion

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims."

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the either the KCOA or the KSC, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

**Grounds Two, Four, Six, Seven, and Ten**

Petitioner asserts that he exhausted the claims in Grounds Two, Four, Six, Seven, and Ten. (Doc. 7, p. 15, 25, 30-31, 44.) For purposes of this initial review of the petition under Rule 4, the Court agrees. *See Novotny I*, 297 Kan. at 1181-83. This conclusion, however, will not preclude Respondent from asserting a failure to exhaust as an affirmative defense to these grounds in her answer if she decides to do so, as the Rule 4 review involves only a determination of whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The remaining grounds for relief are discussed below.

**Ground One**

Petitioner asserts that he raised Ground One in his direct appeal. (Doc. 7, p. 6.) Ground One argues that Petitioner's Fourth and Fourteenth Amendment rights were violated when the trial court denied a motion to suppress evidence seized during a search of Petitioner's room. *Id.* at 7. As Petitioner acknowledges, the KSC's opinion in his direct appeal stated, in relevant part:

> Before trial, Novotny moved to suppress evidence seized during the search of his residence, arguing the search warrant affidavit failed to establish a nexus between his alleged criminal activity and the place to be searched. The court denied Novotny's motion, finding that although the evidence supporting probable cause may not have been overwhelming, it was sufficient. Alternatively, the district court found that even if the affidavit lacked probable cause, the good-faith exception

delineated in *United States v. Leon,* 468 U.S. 897, 104 S. Ct. 3405, 82 L.Ed.2d 677, *reh. denied* 468 U.S. 1250, 105 S. Ct. 52, 82 L.Ed.2d 942 (1984), applied, permitting the evidence to be used at trial.

On appeal, Novotny argues the search warrant affidavit was not supported by probable cause. But we decline to address this argument because Novotny challenges only the district court's probable cause determination. Novotny candidly admitted at oral argument before this court that he failed to brief any argument challenging the district court's alternative holding that even if the warrant was not supported by probable cause, the evidence seized was admissible under the *Leon* good-faith exception.

We conclude Novotny abandoned his challenge to the district court's alternative ruling on the *Leon* exception by failing to brief any argument related to that ruling. See *State v. McCaslin,* 291 Kan. 697, 709, 245 P.3d 1030 (2011) (issue not briefed or argued deemed waived and abandoned). Consequently, even if we were to reverse the district court's probable cause finding, the district court's unchallenged, alternative ruling would stand. Therefore, we decline to address Novotny's challenge to the district court's probable cause determination.

*Novotny I*, 297 Kan. at 1179-80.

Petitioner now argues in this federal habeas matter that the KSC's reasoning "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" and "was contrary to, and involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." (Doc. 7, p. 8-9); *see* 28 U.S.C. § 2254(d) (identifying the quoted language as the two bases for federal habeas relief). Petitioner contends that when *Leon* is applied to the facts of his case, the evidence should have been excluded and that the failure to do so violated his constitutional rights to due process and a fair trial. (Doc. 7, p. 9-10.)

The problem is that Petitioner did not argue to the KSC that the district court erred in its application of *Leon. See Novotny I*, 297 Kan. at 1180 ("We conclude that Novotny abandoned his challenge to the district court's alternative ruling on the *Leon* exception by failing to brief any argument related to that ruling."). Thus, the argument is unexhausted.

When a federal habeas petition is a mixed petition, meaning that it contains exhausted and unexhausted claims and state-court remedies are still available for the unexhausted claims, the federal court generally should dismiss the matter "without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). But where a petitioner has failed to present a claim in the state courts, and would be procedurally barred from presenting it if he returned to state court, there is an anticipatory procedural bar that prevents the federal court from addressing the claim. *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). The claim is referred to as being barred by anticipatory procedural default.

It appears at this time that no procedural avenue exists by which Petitioner could return to state court to exhaust his claim that the evidence in question in Ground One should have been suppressed. Petitioner's direct appeal is final, as is his postconviction proceeding under K.S.A. 60-1507. Any future K.S.A. 60-1507 motion Petitioner brings to challenge alleged trial errors would likely be barred as a successive motion, *see* K.S.A. 60-1507(c), and as untimely, *see* K.S.A. 60-1507(f). Moreover, the KSC has clearly held that "a K.S.A. 60-1507 motion cannot serve as a vehicle to raise an issue that should have been raised on direct appeal, unless the movant demonstrates exceptional circumstances excusing earlier failure to bring the issue before the court." *See State v. Brown*, 318 Kan. 446, 448-49 (2024).

A petitioner's unexhausted claim that is barred by anticipatory procedural default cannot be considered in habeas corpus unless he establishes cause and prejudice for his default of state court remedies or establishes a fundamental miscarriage of justice. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fontenot*, 4 F.4th at 1028 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The standards for showing cause and prejudice and for showing that the failure to consider

8

a claim will result in a fundamental miscarriage of justice are discussed later in this order. For now, it is sufficient to state that it appears that the arguments made in Ground One of this federal habeas matter are barred by anticipatory procedural default. Petitioner will be granted time in which to show cause why Ground One should not be dismissed.

**Ground Three**

In Ground Three, Petitioner asserts that his Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial were violated when the trial court gave an improper aiding and abetting instruction to the jury. (Doc. 7, p. 17-19.) Petitioner states that he exhausted this claim by raising it in his direct appeal. *Id.* at 17. It is clear that Petitioner argued to the KSC that "the district court erred in instructing the jury on aiding and abetting." *See Novotny I*, 297 Kan. at 1184. But a close reading of the KSC's opinion in Petitioner's direct appeal and an examination of the brief filed on his behalf in the direct appeal reflects that Petitioner did not frame his jury instruction challenge in that appeal as a federal constitutional claim. *See id.* at 1184-86; *State v. Novotny*, Case No. 102,891, Appellant's Brief, 2010 L 286203, *22-26 (filed June 18, 2010).

The purpose of the exhaustion requirement is to "give state courts a fair opportunity to act on [a Petitioner's] claims." *O'Sullivan*, 526 U.S. at 844 (citation omitted). The United States Supreme Court has held that before a state prisoner may pursue federal habeas relief on the grounds that his or her federal constitutional rights have been violated, "the *federal* claim must be fairly presented to the state courts." *See Picard*, 404 U.S. at 275 (emphasis added). This requirement "reflects a policy of federal-state comity" and is "'an accommodation of our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Id.* (citations omitted). In other words, the state courts must have the first chance to remedy violations of the rights guaranteed to state prisoners who are sentenced for

violations of state law, even when the rights in question are guaranteed by the United States Constitution. *See id.* at 275-76.

In order to give the state appellate courts a "fair opportunity" to resolve federal constitutional claims, Petitioner must present to the state court the same claim on which he now seeks federal habeas relief. The Tenth Circuit recently reaffirmed this principle, stating:

> "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' . . . ." Thus, we recognize that we must afford state courts "the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," which those courts cannot do unless they have been "alerted to the fact that the prisoners are asserting claims under the United States Constitution." A petitioner "need not cite 'book and verse on the federal constitution.'" But he must do "more than present[ ] 'all the facts necessary to support the federal claim' to the state court or articulat[e] a 'somewhat similar state-law claim.'" At bottom, "the crucial inquiry is whether *the 'substance'* of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim."

*Honie v. Powell*, 58 F.4th 1173, 1184 (10th Cir. 2023) (citations omitted).

At no point in the relevant appellate brief did Petitioner assert that the jury instruction on aiding and abetting violated his federal constitutional rights. Moreover, there is no indication that Petitioner made such an argument to the KSC at oral argument. The KSC's opinion does not mention any assertion of a federal constitutional violation related to this jury instruction. Therefore, this Court concludes that, contrary to Petitioner's assertion, Ground Three was not exhausted in Petitioner's direct appeal.

It appears at this time that, for the reasons already stated with respect to Ground One, no procedural avenue exists by which Petitioner could return to state court to exhaust his claim that the aiding and abetting jury instruction violated his federal constitutional rights to due process and a fair trial. Thus, Ground Three appears to be barred by anticipatory procedural default and, as such, it seems that the Court cannot consider it on its merits. Petitioner will be granted time,

however, in which to show cause, in writing, why Ground Three should not be dismissed.

**Ground Five**

In Ground Five, Petitioner asserts ineffective assistance of trial counsel in violation of his

Sixth Amendment rights. (Doc. 7, p. 28.) Specifically, he points to counsel's failure to object to

trial testimony in which a witness, Lori Worley, testified that Petitioner was with her ex-boyfriend

when her ex-boyfriend shot at her. (Doc. 2, p. 38.) Petitioner asserts that he exhausted this claim

in the proceedings under K.S.A. 60-1507. (Doc. 7, p. 28.) The KCOA's 2016 opinion reflects that

in the 60-1507 motion, Petitioner argued to the district court that trial counsel "was ineffective for

failing to object [to the testimony] under K.S.A. 60-455." *Novotny II*, 2016 WL 2609631, * 3. The

KCOA held that the district court had erred in summarily denying the claim and remanded for

appointment of counsel and an evidentiary hearing on the claim, among others. *Id.* at *5.

On remand, the district court again denied relief, which means that in order to exhaust this

claim, Petitioner was required to argue it in his appeal from that denial. As the KCOA held in its

2024 opinion, however:

> [W]e note that the first claim of ineffective assistance of counsel remanded by this
> court to the district court for consideration was Ney's failure to object to K.S.A. 60-
> 455 evidence admitted at trial. While this issue was presented by Novotny at the
> evidentiary hearing and addressed by the district court, it appears that the claim has
> morphed into a different claim on appeal. At the district court, Novotny argued Ney
> was ineffective for *failing to object* to Worley's testimony and *not requesting a
> limiting instruction under K.S.A. 60-455*. Whereas on appeal, Novotny now claims
> that Ney was ineffective for *eliciting* Worley's testimony. Significantly, Novotny
> no longer argues that Ney should have requested a K.S.A. 60-455 instruction.
>
> As a general rule, claims for relief not raised before the district court cannot
> be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). Of
> course, there are exceptions to this general rule, including: (1) that the newly
> asserted claim involves a pure question of law arising on proved or admitted facts
> and is determinative of the case; (2) that consideration of the newly asserted claim
> is necessary to serve the ends of justice or to prevent a denial of fundamental rights;
> and (3) that the district court was right for the wrong reason. *State v. Allen*, 314
> Kan. 280, 283, 497 P.3d 566 (2021). Here, Novotny asserts that we should consider

his newly asserted claim under the second exception.

> We find it significant that this was not a claim that was remanded to the district court to consider at the evidentiary hearing. Likewise, as the State points out, Novotny's K.S.A. 60-1507 counsel had an opportunity to assert this new claim either at the evidentiary hearing or in the subsequent motion to reconsider the district court's initial written decision. But neither was done. Consequently, we do not find that the resolution of this newly asserted claim is necessary to serve the ends of justice because the district court addressed the issue remanded to it, and Novotny no longer argues that trial counsel should have requested a K.S.A. 60-455 instruction.

*Novotny III*, 2024 WL 742293, at *3-4.

By this language, it appears that Petitioner did not argue to the KCOA during his most recent K.S.A. 60-1507 appeal that the district court erred during the remand proceedings by finding that trial counsel was not ineffective for failing to object to the testimony in question. Rather, he argued in the most recent appeal that the district court erred by not finding trial counsel was ineffective for eliciting the testimony in question.

The Tenth Circuit has long held that when a petitioner raises a claim of ineffective assistance of counsel in the state appellate court but "based it on different reasons than those expressed in his [federal] habeas petition," the bases which were not alleged in the state appellate court have not been exhausted. *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999). Accordingly, Ground Five is not exhausted. Because any attempt to return to state court to exhaust these arguments would be barred by K.S.A. 60-1507's time limitations and its provision that states district courts are not required to entertain successive motions, the arguments in Ground Five appear barred by anticipatory procedural default and subject to dismissal. Petitioner will be granted time in which to show good cause, in writing, why Ground Five should not be dismissed.

**Ground Eight**

In Ground Eight, Petitioner asserts that he received ineffective assistance of counsel due to

trial counsel's failure to object to the prosecutor referring to him by the nickname "Loco" during trial instead of his real name. (Doc. 7, p. 39.) Petitioner asserts that he exhausted this issue in his proceedings under K.S.A. 60-1507. *Id.* at 40. The 2024 KCOA opinion is instructive:

> In his K.S.A. 60-1507 motion, Novotny claimed that trial counsel was ineffective for failing to object to the prosecutor referring to him by his nickname— "Loco"—during the trial. The record reflects that this claim was considered and denied by district court. On appeal, Novotny modifies his argument and now argues that the district court should have used a prosecutorial error analysis in determining whether he was prejudiced by the references to his nickname at trial. As the State points out, Novotny is attempting to convert this claim from one of ineffective assistance of counsel to one of prosecutorial error.

> It is clear from the record that the claim of prosecutorial error arising out of the use of Novotny's nickname at trial was not asserted on direct appeal nor was it presented to the district court in his K.S.A. 60-1507 motions. Moreover, Novotny has shown no exceptional circumstances to justify his failure to previously assert this claim. Interestingly, Novotny raised an unrelated claim of prosecutorial error in his direct appeal, and he has failed to show why he could not have also asserted this claim at that time.

> Consequently, we find that this claim has not been adequately preserved. *See State v. Raskie*, 293 Kan. 906, 912, 269 P.3d 1268 (2012) (finding additional arguments raised on appeal for why evidence was inadmissible not preserved).

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal." Supreme Court Rule 183(c)(3) (2023 Kan. S. Ct. R. at 243).

> We recognize that there may be times in which it may be appropriate to review a claim of prosecutorial error in a K.S.A. 60-1507 proceeding. *See Haddock v. State*, 282 Kan. 475, 146 P.3d 187 (2006); *Hollingsworth v. State*, No. 106,357, 2012 WL 718971, at *3 (Kan. App. 2012) (unpublished opinion). But this is not one of those cases. Here, it is undisputed that Novotny did not raise this argument previously and has made no attempt to show exceptional circumstances for not doing so. See Supreme Court Rule 183(c)(3) (2023 Kan. S. Ct. R. at 243). Thus, because this argument should have been raised previously, we decline to address it in this appeal.

*Novotny III*, 2024 WL 742293, at *9.

This language makes clear that Petitioner did not argue to the KCOA on appeal from the 60-1507 evidentiary hearing that trial counsel was ineffective for failing to object to the prosecutor referring to him as "Loco." And there does not appear to be any procedural avenue by which Petitioner could now return to state court to make that argument. Thus, Ground Eight appears to be barred by anticipatory procedural default and thus subject to dismissal. Petitioner will be granted time, however, in which to show cause, in writing, why Ground Eight should not be dismissed.

**Ground Nine**

In Ground Nine, Petitioner asserts that he received ineffective assistance of counsel due to trial counsel's failure to "adequately investigate the case and consult with [Petitioner] on his defense strategy." (Doc. 7, p. 42.) Petitioner advises that he exhausted this issue by raising it in the 2013 motion for relief under K.S.A. 60-1507 and that the KCOA ruled on it in a decision dated September 14, 2022. *Id.*

To the extent that Petitioner relies upon having raised the issue to the state district court, he has not met his burden to show exhaustion. As noted above, exhaustion requires a petitioner to present an issue to the KCOA or the KSC. This Court is unaware of a KCOA decision entered on September 14, 2022. Petitioner will be granted time in which to provide additional information that establishes that the arguments now made in Ground Nine were exhausted in the state courts. If he fails to do so, Ground Nine will be considered unexhausted and, for the reasons explained above, consideration of the merits of Ground Nine will be barred by anticipatory procedural default. In other words, if Petitioner cannot provide additional information on the exhaustion of Ground Nine and show that the merits of his argument were ruled on by the KCOA, he must show cause, in writing, why Ground Nine should not be dismissed.

14

**Ground Eleven**

In Ground Eleven, Petitioner contends that his constitutional due process rights under the Fifth, Sixth, and Fourteenth Amendments "were violated when the State destroyed materially exculpatory evidence and by withholding *Brady*/*Giglio* material pertaining to Det[ective] Anthony Bess." (Doc. 7, p. 46.) Petitioner asserts that he made these arguments in the proceedings he pursued under K.S.A. 21-2512 seeking DNA testing. *Id.* at 45, 50. He acknowledges, however, that the issues were not briefed on appeal, asserting that he "repeatedly asked [his attorney] to brief them," but she refused to do so. *Id.* at 50. Petitioner further points out that he filed a motion during the appeal, asking the KSC to require his counsel to brief the issue but the motion was denied. *Id.* Petitioner then explains that he would have pursued an ineffective assistance of counsel claim against his attorney "but it's going on 18 years that [Petitioner has] been incarcerated and [he] wanted it in Federal court[] without any more delays." *Id.*

The Court concluded that a PAR on this issue was appropriate, so, as noted above, it directed Respondent to file a PAR. In the PAR, Respondent states that Petitioner argued Ground Eleven to the state district court but did not raise it on appeal. (Doc. 16, p. 4-5.) She further contends that any future attempt to return to state court and raise the issue would be barred by the following independent and adequate state procedural rules: the rule that arguments not briefed on appeal are waived and abandoned, K.S.A. 60-1507's time limitation, and K.S.A. 60-1507's bar of successive motions. *Id.* at 5-7. Finally, Respondent argues that Petitioner cannot make the required showing to overcome the anticipatory procedural default. *Id.* at 7-11.

In his reply to the PAR, Petitioner asks the Court to review the state court records in which he requested DNA testing. (Doc. 18, p. 1-2.) He asserts that he testified at a November 2023 hearing that he was actually innocent of the crimes and had been only a witness to the crimes. *Id.*

at 3. Petitioner states that during his 2023 testimony, he identified the perpetrator consistently with trial testimony given by Desmond Adams, another eye-witness. *Id.* He again states that he does not want to return to state court to assert and exhaust a claim of ineffective assistance of appellate counsel in the DNA proceedings because such proceedings and the required appeals take a long time. *Id.*

The Court has carefully reviewed the PAR and the reply to the PAR and concludes that the arguments in Ground Eleven are barred by anticipatory procedural default. As Respondent argues and Petitioner does not dispute, the claims in Ground Eleven were not exhausted. Moreover, Petitioner does not dispute Respondent's assertion—with which the Court agrees—that any attempts to now return to state court to exhaust the claims would be procedurally barred. Whether Petitioner has shown justification for this Court to consider the merits of Ground Eleven despite the anticipatory procedural default is discussed below.

### Exceptions to Exhaustion Requirement

As set forth above, the Court concludes that Grounds One, Three, Five, Eight, and Nine each appears to be either procedurally defaulted or barred by anticipatory procedural default. Moreover, based on the PAR and reply to the PAR, the Court concludes that Ground Eleven is barred by anticipatory procedural default. In his response to this order, Petitioner may choose to argue that Grounds One, Three, Five, Eight, and Nine are not procedurally defaulted or barred by anticipatory procedural default. He may also argue, however, that this Court should consider the merits of Grounds One, Three, Five, Eight, Nine, and Eleven despite his failure to properly exhaust them.

Generally speaking, this Court does not consider the merits of claims that were procedurally defaulted or are subject to anticipatory procedural defaults. The Court may, however,

consider the merits of such claims if the petitioner shows cause and prejudice for the default or if the petitioner shows that a fundamental miscarriage of justice will occur if the Court does not consider the merits of the claims. *See Gray*, 518 U.S. at 152; *Fontenot*, 4 F.4th at 1028 (quoting *Coleman*, 501 U.S. at 750); *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

To demonstrate cause in this context, Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). For example, to show cause for the failure to exhaust issues Petitioner raised to the state district court but not the state appellate court, Petitioner must show that some objective factor external to the defense impeded his ability to raise the issue on appeal. He also must show "actual prejudice as a result of the alleged violation of federal law." *See Coleman*, 501 U.S. at 750.

The United States Supreme Court has explained that in order for ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Thus, for Petitioner to use the ineffective assistance of counsel as cause to excuse his procedural default or anticipatory procedural default, he must have argued *that* ineffective assistance of counsel claim to the state courts.

A procedural default or anticipatory procedural default also may be excused, meaning that this Court will reach the merits of the defaulted claim, if Petitioner can show that the failure to consider the defaulted claim would result in a fundamental miscarriage of justice. To proceed under this exception, Petitioner "must make a colorable showing of factual innocence." *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). This exception requires a colorable showing of "'factual innocence not mere legal insufficiency.'" *See O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Petitioner is not required to conclusively exonerate himself, but he must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

The actual innocence exception is sometimes called a gateway plea because, if successful, a petitioner is not guaranteed federal habeas relief. Instead, if a petitioner successfully makes a colorable showing of actual innocence, he passes through the gateway otherwise closed by the procedural default of a claim, meaning that the federal court may consider the merits of the defaulted claim. The Tenth Circuit has made clear:

> [T]enable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

To qualify for the actual innocence exception, Petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "An actual innocence claim must be based on more than the petitioner's speculations and

conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021). If Petitioner comes forward with new reliable evidence, "[t]he habeas court must make its determination . . . 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" *Schlup*, 513 U.S. at 328.

In the PAR, Respondent argued that Petitioner cannot show either cause and prejudice or that a fundamental miscarriage of justice will result if the Court fails to consider the merits of the arguments in Ground Eleven. (Doc. 16, p. 7-11.) In the reply to the PAR, Petitioner did not respond to this argument. (Doc. 18.) He did not identify cause for the default of his arguments in Ground Eleven, argue prejudice from the federal constitutional violations asserted therein, or claim that he is entitled to the actual innocence exception. The Court will, however, allow Petitioner to include in his response to this order any arguments on those topics that he wishes to include with respect to Ground Eleven.

## Conclusion

For purposes of this initial Rule 4 review, the Court concludes that Grounds Two, Four, Six, Seven, and Ten appear exhausted. In light of the information and argument in the PAR and the reply to the PAR, the Court concludes that Ground Eleven is subject to anticipatory procedural default. Additionally, Grounds One, Three, Five, Eight, and Nine each appear to be either procedurally defaulted or subject to anticipatory procedural default. Petitioner will be given time in which to show, in writing, that Grounds One, Three, Five, Eight, and/or Nine were properly exhausted or that avenues remain by which Petitioner could properly return to state court and exhaust the claims in Grounds One, Three, Five, Eight and/or Nine.

If Petitioner cannot make this showing for Grounds One, Three, Five, Eight, and/or Nine,

the Ground will be held procedurally defaulted or subject to anticipatory procedural default, as explained above. This Court may not consider the merits of procedurally defaulted claims or those subject to anticipatory procedural default unless Petitioner shows (1) cause and prejudice or (2) that a fundamental miscarriage of justice will occur if the Court declines to consider the claims on their merits. Petitioner will therefore be granted time in which to make one or both of these showing with respect to any defaulted claims or claims subject to anticipatory procedural default in this matter: Grounds One, Three, Five, Eight, Nine, and Eleven.

To be clear, Petitioner must file one response to this order that includes both (1) any argument that Grounds One, Three, Five, Eight, and/or Nine are not procedurally defaulted or subject to anticipatory procedural default *and* (2) any argument that the Court should consider the merits of the arguments in Grounds One, Three, Five, Eight, Nine, and/or Eleven despite the procedural default or anticipatory procedural default of those claims. The only ways in which Petitioner may successfully argue the second point are by showing (1) cause and prejudice or (2) that the failure to consider the merits of the claims will result in a fundamental miscarriage of justice, as explained above.

After Petitioner files his response to this order, the Court will review it carefully and will issue additional orders regarding the procedural default or anticipatory procedural default of Grounds One, Three, Five, Eight, and Nine, as well as whether Petitioner has made the showings that would allow the Court to consider the merits of any of those Grounds or of Ground Eleven despite the default. If Petitioner fails to timely file a response to this order, Grounds One, Three, Five, Eight, Nine, and Eleven will be dismissed with prejudice and this matter will proceed on Grounds Two, Four, Six, Seven, and Ten only.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including **September 29, 2025**, to submit a written response to this order that shows cause why Grounds One, Three, Five, Eight, Nine, and Eleven should not be dismissed because they are either procedurally defaulted or subject to anticipatory procedural default.

**IT IS SO ORDERED.**

DATED:   This 12th day of August, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge