IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN S. NOVOTNY,

                    Petitioner,

      v.                                                                         CASE NO. 25-3058-JWL

HAZEL M. PETERSON,

                    Respondent.

**MEMORANDUM AND ORDER**

      This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Steven S. Novotny, a state prisoner incarcerated at Norton Correctional Facility in Norton, Kansas. It comes now before the Court on Petitioner's response (Doc. 20) to the Court's memorandum and order to show cause (MOSC) regarding procedural and anticipatory procedural default of Grounds One, Three, Five, Eight, Nine, and Eleven of this matter (Doc. 19). For the reasons explained below, the Court will dismiss Grounds One, Three, Five, Eight, Nine, and Eleven and will order Respondent to file an answer to the remaining asserted grounds for relief.

Background

      Petitioner's history in state court is detailed in the Court's MOSC and need only be summarized here. (*See* Doc. 19, p. 2-4.) In April 2007, a jury in the District Court of Sedgwick County, Kansas convicted Petitioner of first-degree felony murder and aggravated battery. (Doc. 7, p. 1.) He was sentenced to life in prison without the possibility of parole for 20 years for the murder conviction and 48 months in prison for the aggravated battery conviction, to be served consecutively. *Id.* at 1; *see also State v. Novotny*, 297 Kan. 1174, 1179 (2013). Petitioner pursued a direct appeal, but the Kansas Supreme Court affirmed his convictions and sentences. (Doc. 7, p.

1

2); *Novotny*, 279 Kan. at 1175. Petitioner then unsuccessfully pursued state habeas relief under K.S.A. 60-1507. *See Novotny v. State*, 2016 WL 2609631 (Kan. Ct. App. May 6, 2016) (unpublished). Petitioner also sought post-conviction DNA testing under K.S.A. 21-2512, but did not obtain reversal of his convictions. (Doc. 7, p. 5.)

On March 31, 2025, Petitioner filed his petition for federal habeas relief under 28 U.S.C. § 2254 and began this action. (Doc. 1.) On April 9, 2025, he refiled his petition on the required form. (Doc. 7.) He asserts eleven grounds for relief and asks this Court to vacate his convictions and sentences and to order a new trial or order that the charges against him be dismissed.

The Court began the review of the petition that is required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and determined that a limited Pre-Answer Response (PAR) was appropriate. Thus, on May 2, 2025, the Court ordered Respondent to file a PAR addressing whether consideration of the merits of Ground Eleven is barred by the doctrine of anticipatory procedural default. (Doc. 9.) Respondent filed her PAR on July 28, 2025, arguing that this Court should not consider the merits of Ground Eleven. (Doc. 16, p. 4-11.) Petitioner filed a reply to the PAR on August 4, 2025. (Doc. 18.)

On August 12, 2025, the Court issued an MOSC in which it held that, for purposes of the Rule 4 review, Petitioner has sufficiently shown that he exhausted Grounds Two, Four, Six, Seven, and Ten of the petition. (Doc. 19, p. 6.) The Court analyzed whether the remaining grounds for relief were exhausted and concluded that consideration of Grounds One, Three, Five, Eight, Nine, and Eleven appeared to be barred by procedural default or anticipatory procedural default. *Id.* at 6-16. The Court then explained that Petitioner would be allowed time in which to argue that Grounds One, Three, Five, Eight, or Nine were or still could be properly exhausted. *Id.* at 16.

The MOSC also explained that Petitioner may choose to argue that the Court should

2

consider the merits of these asserted grounds for relief—and Ground Eleven—despite any procedural or anticipatory procedural default by showing either (1) cause and prejudice or (2) that a fundamental miscarriage of justice will occur if this Court does not consider the merits of the claims. *Id.* at 16-19. The Court granted Petitioner time in which to show cause, in writing, that the apparently defaulted grounds for relief were or still could be properly exhausted. *Id.* at 19. In addition, Petitioner was granted time in which to show cause why the Court should consider the merits of these grounds despite the procedural or anticipatory procedural default. *Id.* at 19-20. Petitioner timely filed his response on August 18, 2025. (Doc. 20.)

## The Response

In his response, Petitioner states that he "respectfully chooses not to respond to the order on grounds one, three, five, eight, [and] nine." (Doc. 20.) Thus, Grounds One, Three, Five, Eight, and Nine will be summarily dismissed because each is either procedurally defaulted or subject to anticipatory procedural default. With respect to Ground Eleven, Petitioner asks the Court to order discovery. *Id.*

Although Petitioner does not identify the discovery he wishes this Court to order, the Court liberally construes the pro se response to the MOSC to ask, as Petitioner did in his reply to the PAR, that the Court review "all of the motions, exhibits, filings and transcripts from the evidentiary hearing that pertain[ed] to his post-conviction DNA testing motion under K.S.A. 21-2512." (*See* Doc. 18, p. 1.) The Court declines to undertake such a general review. "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

More specifically, Petitioner also asserted in the reply to the PAR that he testified at a November 2023 hearing in the K.S.A. 21-2512 proceedings that he was actually innocent of the

3

crimes and had been only a witness to them; he also testified about the description of the actual shooter. *Id.* at 3. Petitioner further stated that his 2023 testimony was consistent with trial testimony by witness Desmond Adams. *Id.* Liberally construing the response to the MOSC in light of the reply to the PAR, Petitioner argues that if the testimony he gave in 2023 had been presented at trial, it is more likely than not that no reasonable juror would have convicted him. (*See* Doc. 19, p. 18 (setting out standard for actual innocence gateway claim).) Thus, the actual innocence gateway may open and the Court can consider the merits of Petitioner's claim in Ground Eleven.

In considering this argument, the Court has reviewed the opinion issued by the Kansas Supreme Court in Petitioner's direct appeal. The opinion explains that on the day of the crimes of which Petitioner was convicted, "Xavier Worley and Desmond Adams stood on the front porch of Worley's apartment." *Novotny*, 297 Kan. at 1175.

> [T]wo men came around the corner of the building and walked past Worley and Adams, only to turn around and walk back. One of the two men said, "What's up." After Worley replied, "What's up," one of the men opened fire, shooting Worley three times and fatally striking LaQuishia Starr, Worley's girlfriend, who was inside the apartment.

*Id.* When Ms. Starr's sister visited Mr. Worley at the hospital and asked who had shot him, Mr. Worley "wrote the word 'Loco' on a piece of paper. *Id.* at 1175-76. The next day, Mr. Worley indicated to police that the shooter's name was Loco. *Id.* at 1176. Mr. Worley initially told police that a photo of Petitioner was not a photo of the person who shot him, but he later changed his statement and said that a photo of Petitioner *was* a photo of the "Loco" who was at the shooting. *Id.* at 1177. Mr. Worley "refused to sign the photo identifying [Petitioner] as the shooter, citing fears of retaliation." *Id.* At trial, however, Mr. Worley stated that "Loco" had shot him and he identified Petitioner "as the man he knew as Loco." *Id.*

Mr. Adams testified at Petitioner's trial, stating:

4

> [H]e saw two black males—one lighter skinned and one darker skinned—approach Worley before the shooting. Adams could not see either of the men's faces, but he identified the darker-skinned black male, who was wearing a hooded sweatshirt, as the shooter. Adams also identified [Petitioner] as the man he knew as Loco, but he testified that [Petitioner] was not the light-skinned black man involved in the shooting.

*Id.* at 1177-78. The State presented evidence at trial that two cartridge casings found at the crime scene and a live cartridge found at Petitioner's residence "had at one time been chambered and extracted from the same firearm." *Id.* at 1178. A defense witness, however, testified that although the two casings found at the crime scene were fired from the same firearm, "he could not conclude that the live cartridge found at [Petitioner's] residence had been chambered or extracted from the same gun as the two cartridge casings." *Id.* at 1179.

Petitioner does not specifically explain how his 2023 testimony, if presented to trial jurors along with the other evidence, would make it more likely than not that no reasonable juror would have found him guilty. In light of the firearm evidence described above and the fact that Mr. Worley identified Petitioner at trial as the person who shot him, this Court cannot conclude that the jury had also heard Petitioner testify that the shooter was in fact the man described by Mr. Adams, it is not more likely than not that no reasonable juror would have convicted him. Accordingly, the actual innocence gateway shall not open with respect to Ground Eleven and Ground Eleven will be dismissed as barred by anticipatory procedural default. The Court will order Respondent to file an answer to the remaining grounds for relief asserted in the petition.

In his response to the MOSC, Petitioner also asks for appointment of counsel because the inmate paralegals who were helping him with his case are no longer available to him and he has been unable to find other inmates capable of assisting him. (Doc. 20.) Petitioner is advised that requests for appointment of counsel should not in the future be included in responsive filings; they must be made by filing a separate motion for appointment of counsel. However, in the interest of

5

efficiency, the Court will address the request.

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lomack v. Farris*, 2025 WL 397520, *1 (10th Cir. Feb. 4, 2025) (unpublished) (citing *Finley* and *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), for the holding that "there is no constitutional right to counsel in habeas proceedings."). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). This Court may appoint counsel in a federal habeas action if it "determines that the interest of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B). Petitioner bears the burden to convince the Court that appointment of counsel is warranted. *See Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would . . . assist[ Petitioner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel for Petitioner, the Court has considered "the merits of [his] claims, the nature and complexity of the factual and legal issues, and [Petitioner's] ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. Petitioner has ably presented his claims and articulated his arguments thus far and, after considering the nature and complexity of the factual and legal issues in this matter, the Court concludes that the interest of justice does not require appointment of counsel in this federal habeas action at this time. Thus, Petitioner's request for appointment of counsel is denied without prejudice to refiling if the material circumstances change. *See* Rules 6 and 8 of the Rules Governing Section 2254 Cases in the United States District Court (identifying circumstances under

which counsel may be appointed in a federal habeas case).

## Conclusion

The Court has completed reviewing the petition as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. The Court finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas with respect to the arguments made in his petition.

**IT IS THEREFORE ORDERED**

1. That Grounds One, Three, Five, Eight, Nine, and Eleven are **dismissed with prejudice** because the claims therein either were procedurally defaulted or are subject to anticipatory procedural default and Petitioner has not made the showing required for the Court to consider the merits of a defaulted claim.

2. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent shall file an answer on or before **October 20, 2025** showing why the writ should not be granted based on the arguments in Grounds Two, Four, Six, Seven, and Ten of the petition (Doc. 7) and attachments thereto.

3. That the answer should address:

    a. The necessity for an evidentiary hearing on Grounds Two, Four, Six, Seven, and Ten as alleged in the petition;

    b. Whether the arguments in Grounds Two, Four, Six, Seven, or Ten of the petition are barred by a statute of limitations or any other procedural bar; and

      c. An analysis of Grounds Two, Four, Six, Seven, and Ten and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

4. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

5. That Petitioner be granted to and including **November 24, 2025** to file a traverse, or response, to the answer, admitting or denying, under oath, all factual allegations therein contained.

6. That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 20th day of August, 2025, at Kansas City, Kansas.

                                    S/ John W. Lungstrum
                                    JOHN W. LUNGSTRUM
                                    United States District Judge